The order below is hereby signed.

Signed: January 26, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | Case No. 09-01023 |
| BOFFI STUDIO DC, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

**STIPULATION AND CONSENT ORDER RESOLVING THE MOTION OF BOFFI SpA AND BOFFI U.S.A., INC. PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER COMPELLING THE DEBTOR TO REJECT THE COMMERCIAL AGREEMENT AND, IN THE ALTERNATIVE, THE MOTION OF BOFFI SpA AND BOFFI U.S.A., INC. PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO TERMINATE THE COMMERCIAL AGREEMENT**

This matter came before the Court on the Motion of Boffi SpA and Boffi U.S.A., Inc., Pursuant to Section 365 of the Bankruptcy Code for Entry of an Order Compelling the Debtor to Reject the Commercial Agreement ("Motion to Compel") and, in the alternative, the Motion of Boffi SpA and Boffi U.S.A., Inc., (collectively "Boffi") Pursuant to Section 362 of the

DB04/838598.0002/2343617.1 DD02

Bankruptcy Code for Entry of an Order Granting Relief from the Automatic Stay to Terminate the Commercial Agreement ("Motion for Relief"), the Oppositions to both filed by Boffi Studio DC, LLC, debtor and debtor in possession in the above-captioned proceeding ("Debtor") and the Replies filed by Boffi.

Boffi and the Debtor have now reached an agreement to resolve the Motion for Relief and the Motion to Compel.  Upon consideration of the Motions, Oppositions, and Replies thereto, and the agreement of the parties it is hereby:

**ORDERED** that the Motion to Compel is **GRANTED AS SET FORTH HEREIN;** and it is

**FURTHER ORDERED** that the Commercial Agreement is **REJECTED** upon entry of this Consent Order as set forth below; provided, however, that notwithstanding such rejection Article 10.4 of the Commercial Agreement shall remain in full force and effect; and it is

**FURTHER ORDERED** that notwithstanding the rejection of the Commercial Agreement, the Debtor can continue to use the "Boffi" name pursuant to Article 6.3 of the Commercial Agreement in connection with the sale of floor displays and other inventory located at 3200 M Street, NW, Washington, D.C. (the "Showroom") through and including February 22, 2010; and it is

**FURTHER ORDERED** that in the event that the Debtor and Boffi agree to a sale of the Showroom, Boffi will honor any customer orders pending at the time that the sale is approved by the Bankruptcy Court provided that with respect to each such order: (i) Boffi has approved the final design specifications (Boffi agrees to make such determination within two weeks after submission of the specifications by the Debtor to Boffi) and order pricing with respect to dealer cost; (ii) the Debtor has paid a 20% deposit ("Deposit") to Boffi, with the balance placed in an

interest-bearing escrow (with such escrow (a) subject to Boffi's approval, and (b) established and controlled by Boffi's counsel) to be paid to Boffi ex factory, i.e., once Boffi notifies the Debtor that the order is manufactured or otherwise ready for shipment ("Escrow"); (iii) the Debtor will be responsible for shipping to the United States and will provide adequate confirmation of the same to Boffi ("Shipping Confirmation"); and (iv) Boffi will commence production no later than two weeks after each of the following has occurred (i) the Escrow is established and funded, (ii) the Deposit is paid and (iii) the Shipping Confirmation is provided; and it is

**FURTHER ORDERED** that if the Debtor and Boffi cannot reach an agreement for a sale of the Showroom then the Debtor will continue to sell the floor models and inventory currently contained in the Showroom to customers in the general public while it uses the "Boffi" name at the Showroom; provided, however, that notwithstanding anything to the contrary in this Consent Order the Debtor may only use the "Boffi" name at the Showroom pursuant to Article 6.3 of the Commercial Agreement through and including February 22, 2010; and it is

**FURTHER ORDERED** that after February 22, 2010, the Debtor shall (i) no longer use the "Boffi" name pursuant to Article 6.3 of the Commercial Agreement for any purpose or aim whatsoever, including the use of the "Boffi" name in connection with the disposition of floor displays or models at the Showroom, and (ii) provide any non-monetary cooperation, assistance and/or consent that is required for Boffi to recover possession and full-use of the "Boffi" name (and derivatives thereof); and it is

**FURTHER ORDERED** that Boffi will not warranty the sale of any floor displays or models in the Showroom by the Debtor or otherwise, and that the sale of such floor displays or models are only on an "AS IS" basis; and it is

**FURTHER ORDERED** that the Debtor and Boffi understand that because customers will be buying floor displays or models in the Showroom they will need additional parts in order to make the floor displays or models fit into their homes; as the customers determine what additional parts are needed, Boffi agrees that it will honor any additional orders for parts related to the sale of floor displays or models provided that with respect to each such order: (i) Boffi has approved the pricing for ordered parts with respect to dealer cost; (ii) Boffi will not be responsible for incorrect or otherwise erroneously made orders; (iii) the Debtor has paid a Deposit, with the balance placed in Escrow; (iv) the Debtor has provided Shipping Confirmation; and (v) Boffi will commence production no later than two weeks after each of the Escrow is established and funded, the Deposit is paid and Shipping Confirmation is provided; <u>provided, however</u>, that Boffi agrees to make parts available for order and shipment (subject to the Deposit and Escrow requirement detailed above) from domestic United States sources to extent such parts are already in inventory, and it is

**FURTHER ORDERED** that regardless of whether the Showroom is sold to Boffi or the floor displays or models in the Showroom are sold to customers, Boffi agrees that it will honor the following customer orders provided that with respect to each such order: (i) Boffi has approved the final design specifications (Boffi agrees to make such determination within two weeks after submission of the specifications by the Debtor to Boffi) and order pricing with respect to dealer cost; (ii) the Debtor has paid a Deposit, with the balance placed in Escrow; (iii) the Debtor has provided Shipping Confirmation; and (iv) Boffi will commence production no later than two weeks after each of the Escrow is established and funded, the Deposit is paid and the Shipping Confirmation is provided:

| **ORDER NO.** | **CUSTOMER** |
|---|---|
| 944231 | Paul Stern |

| | |
|---|---|
| 940264 | Mr. & Mrs. Frame |
| 943298 | Mr. & Mrs. Fariborz |
| 943296 | Abi Nkwz |
| 943234 | Lassus Residence, Bruno Lassus |
| 932199 | Mr. & Mrs. Johnston |
| 929058 | Mr. Giampietro |
| 1305 | Ms. Pearl |
| 1312 | Ferguson Kitchen & Bath |
| 1300 | Ms. Dilley |
| 1308, 1307 | Bechara Nammour |
| 1322 | Mr. Harris |

and it is

**FURTHER ORDERED** that Boffi for good and valuable consideration, the receipt of which is hereby acknowledged, for itself, and its affiliates, agents, servants, employees, shareholders, subsidiaries, officers, directors, partners, heirs, successors, assigns, predecessors, representatives, and attorneys, past and present, does each hereby forever release, remise and discharge Claude Zein and the Debtor, their predecessors, successors and assigns, parent, subsidiaries, affiliated corporations, officers, directors, agents, employees, representatives, and attorneys, past and present, of and from any and all claims, demands, causes of action, suits, debts, dues, duties, sums of money, accounts, reckonings, covenants, contracts, agreements, promises, damages, judgments, extents, executions, liabilities and obligations, both contingent and fixed, known and unknown, of every kind and nature whatsoever in law or equity, or otherwise, under local, state, federal or international law, against Mr. Zein and the Debtor, including but not limited to any claim arising from or relating to the Personal Guaranty provided by Mr. Zein, as president of the Debtor, to Boffi on October 10, 2007, which Boffi or its predecessors in interest, if any, ever had, now have, or which its, successors, or assigns hereafter can, shall, or may have, for, upon, or by reason of, any matter, cause, or thing whatsoever, from the beginning of the world to the date that this Consent Order becomes a final order, <u>provided</u>,

<u>however</u>, notwithstanding the foregoing, nothing in this Consent Order shall (i) waive Boffi's right to file a proof of claim as a creditor in the Debtor's case, (ii) waive Boffi's right to receive monies as a result of its role as a creditor in the Debtor's case, or (iii) release the Debtor from any obligations created in this Consent Order; and it is

**FURTHER ORDERED** that Mr. Zein and the Debtor, for good and valuable consideration, the receipt of which is hereby acknowledged, for themselves, any affiliates, agents, servants, employees, shareholders, subsidiaries, officers, directors, partners, heirs, successors, assigns, predecessors, representatives, and attorneys, past and present does hereby forever release, remise and discharge Boffi, its affiliates, agents, servants, employees, shareholders, subsidiaries, officers, directors, partners, heirs, successors, assigns, predecessors, agents, employees, representatives, and attorneys, past and present, from any and all claims, demands, causes of action, suits, debts, dues, duties, sums of money, accounts reckonings, covenants, contracts, agreements, promises, damages, judgments, executions, liabilities, and obligations, both contingent and fixed, known and unknown, of every kind and nature whatsoever in law or equity, or otherwise, under local, state, federal or international law, against any of them, including but not limited to any claim (i) arising from or relating to any other business or entity owned and/or controlled by Mr. Zein and (ii) that may exist under Chapter 5 of the Bankruptcy Code, which Mr. Zein and the Debtor (or its predecessors in interest, if any) ever had, now have, or which its, successors, or assigns hereinafter can, shall, or may have, for, upon, or by reason of, any matter, cause, or thing whatsoever, from the beginning of the world to the date that this Consent Order becomes a final order; <u>provided</u>, <u>however</u>, notwithstanding the foregoing, nothing in this Consent Order shall (i) waive Boffi's right to file a proof of claim as a creditor in the Debtor's case, (ii) waive Boffi's right to receive monies as a result of its role as a

creditor in the Debtor's case, or (iii) release Boffi from any obligations created in this Consent Order; and it is;

**FURTHER ORDERED** that each of Boffi and the Debtor represent and warrant that each has full power and authority to enter into and perform under this Consent Order, and that this Consent Order constitutes a valid and binding agreement enforceable in accordance with its terms; and it is

**FURTHER ORDERED** that each of the undersigned counsel represents that he or she is authorized to execute this Consent Order on behalf of his or her respective client; and it is

**FURTHER ORDERED** that this Consent Order constitutes the entire agreement and understanding between Boffi and the Debtor pertaining to the subject matter hereof and may not be modified, altered, amended, or vacated without the prior written consent of Boffi and the Debtor, or their counsel; and it is

**FURTHER ORDERED** that this Consent Order may be executed in any number of counterparts by Boffi and the Debtor, or each of their counsel, on different counterpart signature pages, all of which when taken together shall constitute one and the same agreement. Boffi and the Debtor, or each of their counsel, may execute this Consent Order by signing any such counterpart and each such counterpart, including a facsimile counterpart, shall for all purposes be deemed to be an original; and it is

**FURTHER ORDERED** that this Consent Order is subject to the approval of the Bankruptcy Court and shall not be binding upon Boffi or the Debtor until the Bankruptcy Court approves it. Upon Bankruptcy Court approval, this Consent Order shall be binding upon Boffi and the Debtor and each of their successors and assigns; and it is

**FURTHER ORDERED** that the Bankruptcy Court shall retain jurisdiction over Boffi and the Debtor and this Consent Order for the purposes of interpreting, implementing, and enforcing its terms and conditions; and it is

**FURTHER ORDERED** that Motion for Relief is withdrawn as **MOOT.**

SEEN AND AGREED TO:

| | |
|---|---|
| /s/ Katherine M. Sutcliffe Becker | /s/ Jason Alderson |
| Katherine M. Sutcliffe Becker | Jason Alderson, Admitted Pro Hac Viche |
| Stinson, Morrison, & Hecker, LLP | Kelley Drye & Warren LLP |
| 1150 18th Street, NW, Suite 800 | 101 Park Avenue |
| Washington, DC 20036-3816 | New York, NY 10178 |
| | |
| *Attorneys for Boffi Studio DC, LLC* | *Attorneys for Boffi SpA and Boffi USA* |

Copies to:

Marc E. Albert, Esq.
Katherine M. Sutcliffe Becker, Esq.
Stinson Morrison Hecker LLP
1150 18th Street, NW
Suite 800
Washington, DC 20036

Office of the United States Trustee
115 South Union Street
Suite 210
Alexandria, VA 22314

David J. Ervin, Esq.
Kelley Drye &Warren LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007-5108

James S. Carr, Esq.
Jason Alderson, Esq.
Kelley Drye &Warren LLP
101 Park Avenue
New York, New York 10178